IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETH NIKOPOULOS,<br>    *Plaintiff*, | § § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| DALLAS COLLEGE,<br>    *Defendant*. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Beth Nikopoulos ("Plaintiff" or "Ms. Nikopoulos") files this Original Complaint, complaining of Defendant, Dallas College ("DC"), and in support thereof, would respectfully show the Court as follows:

**INTRODUCTION**

Beth Nikopoulos was the Director of Student Life for all DC, until she was terminated without warning, without good cause, without written notice of the accusations against her, and without a hearing.

DC deprived Ms. Nikopoulos of not only her employment, but of her Fifth and Fourteenth Amendment rights to procedural and substantive due process, in violation of DC's own policies and the Constitution of the United States, as well as her Thirteenth and Fifteenth Amendment rights against discrimination on the basis of her race and/or skin color. DC fired Ms. Nikopoulos during the term of a written one-year contract, without providing any procedural due process prior to the effective date of termination and without good cause. Indeed, they have still not provided any procedural due process, in violation of their own policies, which require them to give an employee "reasonable notice in writing" of the grounds for dismissal before the employee is dismissed, and

to make a determination of good cause "prior to dismissal." In firing Ms. Nikopoulos, DC, its Vice Chancellor, and Dean of Students deprived Ms. Nikopoulos of her Fifth and Fourteenth Amendment rights to procedural and substantive due process.

As part of her duties and responsibilities as the Director of Student Life, Ms. Nikopoulos oversaw all student clubs and organizations, the student government association, student leadership development, and the DC TEDx program. She was also in charge of submitting purchase orders for student clubs and organizations to the business procurement office for approval. As part of this process, Ms. Nikopoulos is required to write a memo accompanying the request for the business procurement office to provide funds for the requested purchase. This is a task that Ms. Nikopoulos has been performing, and performing in an exemplary manner, for more than a decade.

DC is going through a re-accreditation process. There have been some bumps along the way, including with the business procurement office processing requests for payment. Ms. Nikopoulos submitted two requests for payment to the business procurement office. Unbeknownst to Ms. Nikopoulos, the business procurement office rejected these requests for payment because the accompanying memo was not correct, even though it had to be approved by the very same people who had to authorize its release to the business procurement office.

On August 1, 2022, Ms. Nikopoulos was unceremoniously called to a meeting in the office of the President of the Eastfield campus. When Ms. Nikopoulos arrived, she met with Ms. Aguilar and Dr. Rebecca Tuerk ("Dr. Tuerk"), Senior Director of Title IX & Employee Relations. In this meeting, Ms. Aguilar and Dr. Tuerk informed Ms. Nikopoulos that she violated procurement procedures and that she had been violating procurement procedures since 2009, well over a decade ago. Based upon these alleged violations of the procurement procedures – without any prior

notification (for over a decade), without any substantiating evidence – Ms. Aguilar and Dr. Tuerk fired Ms. Nikopoulos.

Ms. Nikopoulos brings this lawsuit to remedy these violations of her rights, as set forth below.

## I.   JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343 and 1367; 42 U.S.C. § 1983; and the Fifth and Fourteenth Amendments to the United States Constitution. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as all or a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

2. Pursuant to 42 U.S.C § 1983, Plaintiff alleges herein one or more ongoing violations of federal law, and seeks prospective relief, declaratory and injunctive, against a state actor in their official capacities.

## II.   PARTIES

3. Plaintiff, Beth Nikopoulos, is a Texas citizen, resides in Denton/Collin County, Texas, and at all relevant times was employed by DC in Dallas County, Texas,

4. Defendant, Dallas County Community College District, is a community college district organized and existing pursuant to the laws of the State of Texas for the purpose of operating a system of community colleges in and around Dallas County, Texas. Also, DC is a "state actor" within the meaning of the United States Constitution and the actions complained of herein comprise "state action," and were taken under color of law. The address of DC's administrative offices is 1601 Botham Jean Blvd., Dallas, Dallas County, Texas 75215. DC may be served with process by serving its Chancellor, Dr. Justin Lonon., at the foregoing address.

### III.   FACTUAL BACKGROUND

5.   Plaintiff, Beth Nikopoulos, worked for DC for twenty-four (24) years. Ms. Nikopoulos was the Director of Student Life for DC. Ms. Nikopoulos was sent to the Eastfield campus on or around July 18, 2022, when Ms. Aguilar informed her the Eastfield campus needed a lot of help. Ms. Nikopoulos took that position with pride wanting to help turn around the Eastfield campus for the better. Ms. Nikopoulos always enjoyed the support of her supervisors, with outstanding performance reviews. At the time of her firing, Ms. Nikopoulos was employed pursuant to a one-year contract, which had not yet expired.

6.   In spring of 2022, Ms. Nikopoulos oversaw the procurement of several trips organized for the student government association and other student clubs. She submitted her memos and receipts to the business procurement office for processing; however, through no fault of her own, the requests for payment sat in the business procurement office without being reviewed for months.

7.   Ms. Nikopoulos informed her direct supervisor, Ms. Aguilar, about the issues and delays being experienced in the business procurement office relating to the payment applications she submitted. However, Ms. Nikopoulos was informed she must take personal responsibility for the failures associated with these payment applications to the business procurement office even though the entire system was failing due to the staffing issues surrounding the re-hiring process associated with the re-accreditation process of DC.

8.   Although Ms. Aguilar knew of the issues, not attributable to Ms. Nikopoulos, with the business procurement office, Ms. Aguilar still made the decisions to terminate Ms. Nikopoulos's employment. Other employees, in similar positions to Ms. Nikopoulos, have also

experienced the growing pains of re-accreditation with the business procurement office; however, none of those employees have suffered the same fate as Ms. Nikopoulos.

9. Additionally, Ms. Nikopoulos was targeted by Dr. Beatriz Joseph ("Dr. Joseph"), Vice Chancellor of Student Success, and Cynthia Aguilar, Dean of Students and Student Engagement ("Ms. Aguilar") for termination because Ms. Nikopoulos routinely pushed back on illegal actions Dr. Joseph wanted to take. For example, Ms. Aguilar approached Ms. Nikopoulos asking her to change the student government association's bylaws. However, that cannot be done because the student government controls their own bylaws and because it must be done through a vote of the student government association. When Ms. Nikopoulos pointed this out to Ms. Aguilar, and in other similar circumstances, Ms. Aguilar directed Ms. Nikopoulos to do it anyway because "this is what Dr. Joseph wants."

10. Ms. Nikopoulos pushed back on these illegal requests because she was protecting not only herself, but also Dr. Joseph, Ms. Aguilar, and DC altogether. Yet, despite her unquestionable ethics, Ms. Nikopoulos was targeted for termination through the guise of violating procurement procedures without being given prior notice, without being given the opportunity for a hearing, and without having any evidence presented to her about her alleged wrongdoing.

11. It is also important to note that Dr. Joseph was previously the President of the Mountainview campus. While there, Dr. Joseph worked with Ms. Aguilar, and other deans and associate deans who now have positions in DC administration. Furthermore, Dr. Joseph, Ms. Aguilar, and the other employees are all Hispanic. They formed a clique at the Mountainview campus, and this has carried over to DC administration to the exclusion of those not within their clique.

12. Ms. Nikopoulos was targeted for termination in direct violation of her Fifth and Fourteenth Amendment rights to procedural and substantive due process because Dr. Joseph and Ms. Aguilar, acting under color of law, discriminated against her based upon her race because she did not fit in with their clique and used the alleged violations of procurement procedures as the springboard to conduct their illegal acts.

### IV.    CAUSES OF ACTION

13. *Alternative Pleadings*.  To the extent necessary, each of the claims set forth below is pleaded in the alternative.

**Count 1: Violation of 42 U.S.C. § 1983**

14. 42 U.S.C. § 1983 prohibits Defendant from depriving Plaintiff of her rights, privileges, and/or immunities secured under the United States Constitution.  All the wrongful conduct by Defendant, as described herein, is a result of the policies of Defendant DC, as written and/or as applied to Plaintiff.  Additionally, all the wrongful conduct described herein was caused by policymakers of Defendant DC, including Dr. Joseph and Ms. Aguilar, and their conduct was sanctioned, through action and/or inaction, by DC's Board of Trustees, Dr. Joseph and Ms. Aguilar, and others, all singularly or collectively acting as policymakers for Defendant DC in this case.

**Count 2: Violations of the United States Constitution, Fifth and Fourteenth Amendments: Procedural and Substantive Due Process.**

15. As set forth above, Defendant deprived and/or improperly diminished Plaintiff's right to procedural and substantive due process, as secured by the Fifth and Fourteenth Amendments to the United States Constitution.

16. Defendant violated Plaintiff's right to procedural due process by failing and/or refusing to conduct, or even attempt to conduct, a thorough and timely investigation into the allegations and accusations made against Plaintiff that formed the basis of her termination, and such failure and/or refusal included not questioning or interviewing Plaintiff. Defendant never provided Plaintiff with the reasons she was being terminated before terminating her, in violation of DC policy and in violation of Plaintiff's constitutional rights

17. Defendant's actions deprived Plaintiff of her property interest in her employment contract, and in her liberty interest in her good name.

18. Additionally or alternatively, Defendant violated Plaintiff's right to procedural due process by failing and/or refusing to provide Plaintiff with a full due process hearing prior to her termination, depriving and/or improperly diminishing: (1) Plaintiff's protected rights under the Fifth and Fourteenth Amendments; (2) Plaintiff's protected liberty interest in her good name and reputation, as well as her ability to pursue her chosen profession; (3) Plaintiff's protected property interest in her employment contract, her performance thereof, and her rights thereunder; (4) Plaintiff's protected property interest in DC's policies, procedures, guidelines, rules, and/or regulations; and (5) Plaintiff's right to be free from retaliation for exercising such protected rights. Defendant impinged, deprived, and/or improperly diminished all of Plaintiff's foregoing protected interest and freedoms without due process of law.

19. Additionally, or alternatively, Defendant violated Plaintiff's right to procedural due process by preventing her any meaningful opportunity to be heard. Defendant failed and/or refused to provide Plaintiff with the minimal procedural due process and/or the procedural redress system incorporated into DC's policies, procedures, guidelines, rules, and/or regulations, effectively

denying Plaintiff the due process rights to which she was entitled, thus, violating her right to procedural due process guaranteed by the United States Constitution.

20. Additionally, Plaintiff possesses a claim against Defendant for violation of substantive due process for Defendant's arbitrary, capricious, unreasonable, and/or irrational actions against taken her, as set forth in more detail above.  Additionally, or alternatively, Plaintiff has been deprived of her protected and fundamental rights without due process of law in an arbitrary, capricious, unreasonable, and/or irrational manner.

21. Defendant's actions and/or conduct further constitute a deprivation of due process, as each and all of the above acts and/or omissions were made in recognition of, as a part of, and/or as a result of the policies, practices, and/or customs of DC, created by or through policymakers and/or persons to whom Defendant DC effectively delegated policymaking authority.

22. Defendant's conduct constitutes violations of Plaintiff's rights to procedural and substantive due process.  As a result of Defendant's conduct, Plaintiff has been injured and/or damaged. Dr. Joseph and Ms. Aguilar purported to be acting under color of law and were state actors within the meaning of the Fourteenth Amendment of the Constitution of the United States. Their actions were arbitrary and capricious, manifestly unjust and were clear violations of clearly established constitutional and statutory law.

23. Accordingly, Plaintiff seeks to recover her damages from Defendant in an amount that is within the jurisdictional limits of this Court and to recover any and all other remedies afforded and/or available under law and/or in equity, including but not limited to injunctive relief, equitable relief, and her attorneys' fees and costs.

### Count 3: Racial Discrimination in Violation of the Thirteenth and Fifteenth Amendments

24. As described above, Defendant's conduct equates to racial discrimination in violation of the thirteenth and fifteenth amendments of the United States Constitution because Ms. Nikopoulos was discriminated against on the basis of her skin color. Dr. Joseph and Ms. Aguilar, being part of the same clique of Hispanic administrators that formed at the Mountainview campus and migrated to DC administration, discriminated against Ms. Nikopoulos because she is White and did not fit in with their clique.

25. Ms. Nikopoulos was terminated on the basis of her skin color and not on the basis of the alleged violations of procurement procedures, which attempts to give color of law to the illegal termination of Ms. Nikopoulos.

26. Accordingly, Plaintiff seeks to recover her damages from Defendant in an amount that is within the jurisdictional limits of this Court and to recover any and all other remedies afforded and/or available under law and/or in equity, including but not limited to injunctive relief, equitable relief, and her attorneys' fees and costs.

### Count 4: Racial Discrimination in Violation of Title VII

27. The conduct described herein is violative of both Title VII. After submitting to the EEOC/TWC her complaint and after receiving a right a right to sue letter, Plaintiff will ask the court for leave to amend to include those causes in this suit, as well.

### Count 5: Pendent State Law Claim for Breach of Contract

28. As set forth above, Defendant DC breached Plaintiff's employment contract by failing and/or refusing to abide by and/or comply with the terms thereof. DC's policies, procedures, guidelines, rules, and/or regulations, which are incorporated into and made a part of

Plaintiff's employment with DC, provide express contractual terms regarding Plaintiff's employment, including its term.  DC breached Plaintiff's employment contract by terminating such contract during its term without good cause, and by not adhering to its own policies, procedures, guidelines, rules, and/or regulations in doing so.  DC's conduct and/or actions constitute a breach of Plaintiff's employment contract.  As a result of DC's breach, Plaintiff was denied rights, benefits, and/or remedies contractually afforded to Plaintiff by her contract, as well as by DC's policies, procedures, guidelines, rules, and/or regulations.  As a result of DC's conduct, Plaintiff has been injured and/or damaged, and hereby seeks to recover her damages from DC in an amount that is within the jurisdictional limits of this Court and to recover any and all other remedies afforded by Chapter 38 of the Texas Civil Practice and Remedies Code and/or under law and/or in equity, including but not limited to equitable relief and her attorneys' fees and costs.

## VII.  DAMAGES AND REMEDIES

29.     *Damages or Relief Sought*.  By this suit, Plaintiff, Beth Nikopoulos, is seeking actual damages (including economic damages and non-economic compensatory damages for emotional pain, mental anguish, loss of enjoyment of life, damage to reputation and humiliation).  The acts and omissions of Defendant complained of herein were committed intentionally, knowingly, and/or maliciously, in complete disregard of the rights and welfare of the Plaintiff (and with reckless indifference to rights of the aggrieved individual protected under federal and state laws).   Dr. Joseph and Ms. Aguilar violated clearly established Constitutional rights, as set forth herein, under the Fifth and Fourteenth Amendments. Additionally, or alternatively, Defendant acted with the degree of malice necessary to award exemplary or punitive damages.  Such damages should be awarded in this case against DC for the good of the public to make an example of DC, and to

punish them as allowed by law and public policy. Accordingly, in addition to any other relief, Plaintiff seeks the recovery of exemplary damages from DC.

30. *Attorneys' Fees and Costs*.  The Plaintiff has retained the law firm of Hill Gilstrap, P.C. to represent her in connection with this matter, and has agreed to pay the law firm any and all reasonable and necessary attorneys' fees and costs in connection with such representation. Plaintiff is entitled to and seeks to recover her reasonable and necessary attorneys' fees and costs incurred and to be incurred in bringing this suit and in all appeals of this suit, as permitted by law, in equity, and/or pursuant to 42 U.S.C. §§ 1983 and 1988(b).  Additionally, pursuant to 42 U.S.C. § 1988(c), Plaintiff seeks to recover any and all expert fees, which she incurs and/or may incur in bringing this suit.

31. *Interest*.  The Plaintiff is also entitled to and seeks to recover pre-judgment and post-judgment interest at the maximum rate permitted by law.

32. *Injunctive and Declaratory Relief*.  The Plaintiff also seeks injunctive and declaratory relief requiring DC to reinstate her as Director of Student Life for the Eastfield campus, declaring that her termination was in violation of DC policy and her constitutional rights, and prohibiting DC from further adverse employment action resulting from the matters made the basis of this complaint, or in retaliation for Plaintiff bringing this action

## VIII.   CONDITIONS PRECEDENT

33. All conditions precedent to the Plaintiff's recovery on the claims alleged herein have been performed or have occurred.

## IX.   JURY DEMAND

34. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests trial by jury.

## Prayer for Relief

ACCORDINGLY, the Plaintiff, Beth Nikopoulos, respectfully requests:

(a) injunctive and declaratory relief requiring DC to reinstate her as Director of Student Life for the Eastfield campus, declaring that her termination was in violation of DC policy and her constitutional rights, and prohibiting DC from further adverse employment action resulting from the matters made the basis of this complaint, or in retaliation for Plaintiff bringing this action;

(b) judgment against Defendant DC for actual damages (including economic damages and non-economic compensatory damages for emotional pain, mental anguish, loss of enjoyment of life, damage to reputation and humiliation, and/or at least nominal damages);

(c) judgment against Defendant DC for exemplary damages in the maximum amount that may be awarded under applicable law;

(d) judgment against Defendant for court costs and her attorneys' fees;

(e) judgment against Defendant for pre-judgment and post-judgment interest, as allowed by law; and

(f) such other and further relief, both general and special, at law or in equity, to which he may be justly entitled.

DATED:   August 2, 2022.                    Respectfully submitted,

*/s/ Frank Hill*
Frank Hill            SBN 09632000
fhill@hillgilstrap.com

**HILL GILSTRAP, P.C.**
1400 W. Abram St.
Arlington, Texas 76013
(817) 261-2222

(817) 861-4685 FAX

**ATTORNEY FOR PLAINTIFF**